# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MICHAEL E. DEUTSCH, * | |
| * | No. 19-530V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: January 4, 2023 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * *

Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Naseem Kourosh, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Michael Deutsch's motion for final attorneys' fees and costs. He is awarded **$11,811.21**.

\*   \*   \*

On April 10, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that the influenza vaccination he received on December 18, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer a shoulder injury related to vaccine administration. On February 15, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL 736256.

On April 12, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $11,549.40 and attorneys' costs of $712.31 for a total request of $12,261.71. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On April 18, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds that he defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case and, should the Court determine that the requirements have been met, exercise its discretion and determine a reasonable award. Id. at 2-3. Petitioner did not file a reply thereafter.

*   *   *

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Mr. Paul Brazil: $317.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, $375.00 per hour for work performed in 2021, and $400.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what has previously awarded to petitioner's counsel at Muller Brazil, LLP for his Vaccine Program work. See, e.g. Crawford v. Sec'y of Health & Human Servs., No. 17-398V, 2022 WL 17849062 (Fed. Cl. Spec. Mstr. Dec. 22, 2022); Hunter v. Sec'y of Health & Human Servs., No. 20-1675V, 2022 WL 10068622 (Fed. Cl. Spec. Mstr. Sept. 27, 2022).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that an overall reduction to the requested fees is warranted. First, a small reduction must be made to account for administrative tasks such as paralegals filing documents. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Additionally, the

undersigned finds that for almost all court orders and filings by respondent, both Mr. Brazil and a firm paralegal have billed time for their review, leading to an excessive amount of time expended on that review (paralegal billing entries typically read "memo to file re:" followed by the name of the filing). The undersigned will reduce the final award of fees by $450.50. to account for these issues.

Petitioner is therefore awarded final attorneys' fees of $11,098.90.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $712.31 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. at 13. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs sought.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$11,811.21** (representing $11,098.90 in attorneys' fees and $712.31 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Paul Brazil.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.